IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMEKIA PALMER, : | |
| Claimant, : | |
| : | CIVIL ACTION |
| v. : | No. 15-2863 |
| : | |
| NANCY A. BERRYHILL, : | |
| Acting Commissioner of Social Security, : | |
| Defendant. : | |

MCHUGH, J.                                                    February 24, 2017

**MEMORANDUM**

Before me now is Claimant Timekia Palmer's Motion to Reopen her case. For the reasons set forth below, this Motion is denied.

In September 2011, Claimant filed an application for disability insurance benefits. That application was initially denied in January 2012. Claimant then filed a request for hearing in March 2012. At a hearing on December 7, 2012, Claimant sought and was granted a postponement to seek legal representation. Unable to secure counsel, Plaintiff appeared pro se and testified at a hearing on May 16, 2013 before Administrative Law Judge Nadine Overton. At the start of that hearing, Claimant notified ALJ Overton that several medical records pertinent to her disability claim were missing from the Administrative Record. ALJ Overton elicited from Claimant a description of the missing records and assured Claimant that she would attempt to obtain and review those records before rendering her decision. *See* Tr. at 4–9.

On September 27, 2013, ALJ Overton issued a 14-page decision denying Claimant's benefits application. On March 20, 2014, Claimant requested that the Social Security Appeals Counsel review ALJ Overton's denial of benefits decision. Along with her request for review,

1

Claimant submitted a new Employability Assessment dated February 5, 2014 which further supported her disability claim. On March 19, 2015, the Appeals Counsel denied Claimant's request for review finding that ALJ Overton had properly applied the law and based her decision on substantial evidence. The Appeals Counsel took note of Claimant's February 2014 Employability Assessment but because it post-dated ALJ Overton's September 29, 2013 decision, the Appeals Counsel deemed the assessment immaterial to Claimant's request for review.

On June 3, 2015, without the aid of counsel, Claimant filed a Complaint in this court alleging that she was wrongly denied disability insurance benefits. On January 27, 2016, I issued an Order stating that I would attempt to secure representation for Claimant; I then referred the matter to the Social Security Panel. Unfortunately, no lawyers stepped forward to take Claimant's case. On August 4, 2016, Claimant was notified of this fact and advised to file a brief and statement of issues within 45 days. On August 25, 2016, Claimant mailed to the court a packet containing excerpts of health records that she identified as missing from the Administrative Record during her May 16, 2013 hearing before ALJ Overton. Claimant did not, however, file the requested brief and statement of issues within the allotted 45-day period and I therefore dismissed her Complaint on October 7, 2016 for lack of prosecution.

On January 25, 2017, Claimant filed the instant Motion to Reopen. Claimant's position is that ALJ Overton did not have access to Claimant's full medical history and that the lack of certain key medical records led ALJ Overton to deny benefits. Claimant seems to imply that the omission of key records was due to an error by the Social Security Administration. She effectively requests a new hearing on her disability claim, one based on a complete administrative record. Based on my review of the transcript of Claimant's May 16, 2013 hearing, ALJ Overton's decision denying benefits, and the Administrative Record on which that decision was based, I conclude that Claimant's Motion must be denied.

At the May 16 hearing, in response to ALJ Overton's questions, Claimant identified—by my count—five medical files then missing from the Administrative Record: (1) behavioral health records from Greater Philadelphia Health Action, *see* Tr. at 4; (2) psychiatric records from a facility located at 5501 Chestnut, *see* Tr. at 4–5; (3) Records from a Dr. Lee regarding Claimant's mental health, *see* Tr. at 5; (4) records from Dunbar Community Counseling Service, *see* Tr. at 8; and (5) Emergency Room records from Penn Presbyterian, *see* Tr. at 8–9.

It appears that ALJ Overton made good on her promise to secure these missing records; the above-listed files appear in the final Administrative Record as Exhibits 7F through 11F.  Moreover, with the exception of the February 2014 Employability Assessment that post-dated ALJ Overton's decision, all of the documents that Plaintiff mailed to the court on August 25, 2016 were also contained in Exhibits 7F–11F.  Finally, ALJ Overton refers numerous times to Exhibits 7F–11F in her September 27, 2013 decision and she discusses each of the previously missing records in her analysis of Claimant's disability claim.  In short, although ALJ Overton did not have a Claimant's full medical history at the time of the May 16 hearing, it is clear that she acquired the missing records identified by Claimant and took these records into account when rendering her decision.  Nothing on these facts suggests that Plaintiff is entitled to a new hearing and her Motion to Reopen is therefore denied.  An appropriate Order follows.

In closing, I note that while Claimant is not entitled to a rehearing on her prior claim, she remains free to bring a new claim for disability insurance benefits based on evidence that post-dates ALJ Overton's September 27, 2013 decision, including but not limited to the February 2014 Employability Assessment.

      /s/ Gerald Austin McHugh
United States District Judge