**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIMEKIA PALMER** | **:** | |
| | **:** | |
| **v.** | **:** | **CIVIL ACTION NO. 15-2863** |
| | **:** | |
| **KILOLO JIJAKAZI,** *ACTING* | **:** | |
| *COMMISSIONER OF SOCIAL* | **:** | |
| *SECURITY* | **:** | |
| | **:** | |

McHUGH, J.                                                      December 28, 2021

## <u>MEMORANDUM</u>

This is an action brought by SSI applicant Timekia Palmer against the Commissioner of Social Security ("Commissioner"), seeking judicial review of the denial of her application for social security benefits. Nearly five ago, this Court denied Ms. Palmer's request to reopen her social security case, which arose out of an application for benefits originally filed in 2011. Ms. Palmer now moves for relief from judgment pursuant to the Federal Rule of Civil Procedure 60(b)(6). ECF 16. She raises for the first time the argument that because the administrative law judge ("ALJ") who adjudicated and decided her case was not properly placed in office under the Appointments Clause of the United States Constitution, this matter must be remanded to the Social Security Administration ("SSA") for a new hearing before a constitutionally appointed ALJ. Although I am cognizant of the difficulties faced by Ms. Palmer, the Commissioner has persuaded me that re-opening this case so long after the initial judgment, and so long after the changes in the law on which Plaintiff now relies, cannot be justified.

## I.       Relevant Facts and Procedural History

1

Claimant has long suffered from schizoaffective disorder, bipolar disorder with psychotic features, PTSD, and dissociative disorder.  Pls. Br. ECF 16 at 4.  In 2011, she applied for Disability Insurance Benefits and Supplemental Security Income.  Pls. Br. at 5.  That application was denied in January 2012.  ECF 14.  Ms. Palmer then filed a request for a hearing, which was granted.  *Id.* At her hearing in front of an ALJ on May 6, 2013, the ALJ denied benefits, ECF 14, but that judge was not appointed in a manner that complied with the Appointments Clause.  Pls. Br. at 4.  On June 3, 2015, Ms. Palmer, without the aid of counsel, filed a Complaint in this Court alleging that she was wrongly denied disability benefits.  ECF 3.  Despite the Court's best efforts to secure counsel for Claimant, no lawyers stepped forward to represent her. When Ms. Palmer was informed that the Court could not find counsel, she was provided with a copy of the docket and another copy of the Order setting forth the procedure to follow to appeal the ALJ's decision.  ECF 11.  In October, 2016, her action was  dismissed for lack of prosecution.  ECF 12.  On January 25, 2017, Ms. Palmer filed a Motion to Reopen.  ECF 13.  I denied the motion based on my review of the transcript of Ms. Palmer's May 16, 2013 hearing, the ALJ's decision denying benefits, and the Administrative Record on which that decision was based.  ECF 14.  Claimant has recently secured counsel who filed a Rule 60 Motion asking that I vacate my judgement of February 24, 2017 and grant her a hearing in front of a constitutionally appointed ALJ.  Pls. Br. at 1-5.

## II.     Legal Standard

Federal Rule of Civil Procedure 60 provides that a party may file a motion for relief from a final judgment on six different grounds, one of which, subparagraph (b)(6), has a broad scope. *In re Bressman*, 874 F.3d 142, 148 (3d Cir. 2017).  "The general purpose of Rule 60 ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d

2

Cir. 1978).  All motions made under Rule 60(b) must be made within a reasonable time, and motions under Rule 60(b)(1) through (3) are subject to a one-year limitation.  *Id.*  The grant or denial of a Rule 60(b) motion "is an equitable matter left, in the first instance, to the discretion of a district court." *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014).

### III.   Discussion:

Relying on *Lucia v. SEC*, 138 S. Ct. 2044 (2018), which held that ALJ's must be appointed pursuant to the Appointments Clause of the United States Constitution, Art. II, §, c. 2, Ms. Palmer contends that her case must be remanded to the Social Security Administration for a hearing before a Constitutionally appointed ALJ.

Although Rule 60(b)(6) "is a grand reservoir of equitable power to do justice in a particular case," it does "not confer upon the district courts a 'standardless residual discretionary power to set aside judgments.'" *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).   Relief under 60(b)(6) is "available only in cases evidencing extraordinary circumstances" *Stradley v. Cortez*, 518 F.2d at 493 "where, without such relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 120.

A motion under Rule 60(b)(6) must be made within a "reasonable time." This action was dismissed in 2016, and a motion to re-open denied in February, 2017. Thereafter, as  the Social Security Administration correctly points out, Ms. Palmer did not file her Rule 60 Motion until August 9, 2021, more than three years after the *Lucia* decision.  The Third Circuit extended the principle of *Lucia* – that administrative law judges are subject to the requirements of the Appointments Clause –  to Social Security judges in *Cirko v. Comm's of Soc. Sec.*, 948 F.3d 148, 159-60 (3d Cir. 2020), and in doing so, held that exhaustion of an Appointments Clause claim is

not required in Social Security cases.  Plaintiff's motion here was not filed until  eighteen months

after *Cirko* was issued by the Court of Appeals.

Recognizing a problem with the untimeliness of her motion, Plaintiff observes that she

filed the motion at issue just four months after the Supreme Court's decision in *Carr v. Saul*, 141

S. Ct. 1352 (2021), which held that Appointments Clause challenges were not forfeited if not raised

before the agency.  Plaintiff seeks to characterize the law prior to *Carr* as unsettled, thereby

excusing her failure to file earlier.  Pls. Rep. Br. ECF 18 at 2.  The fatal flaw in that argument is

that while the law may not have been clear in the Eighth and Tenth Circuits, the courts of origin

in *Carr*, it certainly was not unsettled in the Third Circuit once *Cirko* was handed down. Yet

eighteen months elapsed between *Cirko* and the filing of this motion.  A more likely explanation

for Plaintiff's delay in filing is that it was not until counsel was retained that a *Lucia* claim was

recognized. Pls. Rep. Br. at 2.  And while the Court is aware of the extraordinary challenges faced

by pro-se litigants, if a lack of representation alone sufficed to excuse an otherwise untimely attack

on a judgment, the scope of Rule 60(b)(6) would be limitless.

The 60(b)(6) standard is broad,  but in determining when to grant relief under the Rule

there is a tension created by competing principles.  On the one hand, there is authority for the

proposition that a change in law rarely justifies relief.  *See Coltec Industries*, *Inc. v. Hobgood*, 280

F.3d 262, 273 (3d Cir. 2002) (citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Cincinnati Ins.

Co. v. Flanders Elec. Motor Serv.*, *Inc.* 131 F.3d 625, 628-29 (7th Cir. 1997).  At the same time,

the Court of Appeals has "not embraced any categorical rule that a change in decisional law is

never an adequate basis for Rule 60(b)(6) relief." *Cox*, 757 F.3d at 121.  As a result, a district court

is required to employ a "flexible, multifactor approach to Rule 60(b)(6) motions, including those

built upon a post-judgment change in law, that takes into account all the particulars of a movant's

case.  *See Coltec Industries Inc.*, 280 F.3d at 274 (noting, in the context of a 60(b)(6) analysis, the propriety of 'expliti[ly] considering 'equitable factors' in addition to a change in law)."

Weighing in Plaintiff's favor is that she appears to have suffered from long-term psychiatric disabilities. She  argues that her situation is extraordinary because she was last insured for Disability Insurance Benefits on December 21, 2011, and unless the Court reconsiders her 2017 judgment and remands her case for a new hearing, she will be precluded from reapplying for DIB due to the res judicata effect of the ALJ's 2013 decision.  Pls. Br. at 4.  This is because of a policy followed by the Social Security Administration that an SSI applicant cannot challenge a finding that she is not disabled after an ALJ issues such decision and a Court affirms it.  Regrettably, I cannot hold that this is enough to constitute extraordinary circumstances.

Weighing strongly against Plaintiff is that *Lucia* requires that a Plaintiff make a "timely challenge" to obtain relief under the Appointments Clause, 138 S. Ct. at 2055, although there the Supreme Court did not have "occasion to opine on what would constitute a 'timely' objection in an administrative review scheme like the SSAs."  *Carr v. Saul,* 141 S. Ct. 1352, 1362 (2021). Here, the problem with Plaintiff's argument is that unlike in *Cirko,* granting relief "has the potential to undermine the finality of thousands of judgments in cases involving claimants similarly situated" and thereby "overwhelm the limited resources of Social Security."  Def.  Resp. at 3.  In *Cirko*, the Third Circuit dismissed the Commissioner's "floodgates," argument.  It reasoned that there would not be a "floodgates" problem if individuals did not exhaust their social security claims because "[u]nder the applicable procedural rules, claimants must appeal the Appeals Council's decision to the District Court within sixty days, 42 U.S.C. § 405(g), and *Lucia* was decided more than a year [prior to *Cirko* which] mean[t] every claimant whose benefits were denied prior to *Lucia* ha[d] long since either filed an appeal in district court or

become time-barred from doing so." *Cirko*, 948 F.3d at 159.  As a result, the Court concluded that "the purported flood [wa]s actually a trickle" because *Cirko*'s effect was "limited to hundreds (not hundreds of thousands) of claimants whose cases [we]re already pending in the district courts." *Id.* To ignore this aspect of *Cirko*,  and  endorse Plaintiff's approach  here,  would cause a "floodgates" problem, as numerous claimants[1]  whose cases were decided before *Lucia* and *Cirko,* and who did not receive a hearing before a constitutionally appointed ALJ could seek relief from a final judgement, even when that final judgement was entered years earlier.[2]  Stated differently, in *Cirko*. the Court of Appeals viewed the requirement of timeliness as the dam that held back an unmanageable flood of claims. To accept Plaintiff's argument here would likely breach that dam. I am therefore constrained to deny relief.

## IV.    Conclusion

Ms. Palmer's 60(b) motion will be denied.  An appropriate order follows.


　/s/ Gerald Austin McHugh
United States District Judge

---

[1] Arguably, the number of claims might be more limited based upon the individual circumstances of each claimant.  But by any measure Plaintiff asks this Court to give Rule 60 an extraordinarily expansive scope.

[2] The result I reach here is consistent with the Third Circuit's approach to Rule 60(b)(6) generally. *Moolenaar v.Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time).   In that regard, this case is materially different from *Blatt v. Saul*, No. 18-1527, 2020 WL 3470460 (W.D. Pa. June 1, 2020) at *2 where Plaintiff's Rule 60(b) motion was granted following *Lucia* and *Cirko*. In *Blatt,* Plaintiff filed her 60(b) motion raising the Appointments Clause issue just one day after this Court entered summary judgment against her, and less than six weeks after *Cirko* was decided. *See* ECF 24.